THE TOWN OF LERAY, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Railroad — highway — fencing across street which crosses right of way.*

Appeal by the defendant from a judgment of the Supreme Court, entered in the Jefferson county clerk's office, April 5, 1916, upon a decision of the court made at Special Term restraining the defendant from erecting and maintaining a fence across Pearl street in the village of Evans, town of Leray.

Judgment affirmed, with costs. All concurred, except Foote and Merrell, JJ., who dissented in a memorandum by Merrell, J.

MERRELL, J. (dissenting): I dissent. The action of the defendant in erecting a fence at the easterly line of its right of way across Pearl street (so called) was to remedy an obviously dangerous situation and to safeguard human life. There is no evidence showing that Pearl street where it crosses defendant's right of way and thence northeasterly to Leray street ever became a public highway by dedication and acceptance. If it became such by public user, whatever rights the public may heretofore, at some remote time, have enjoyed in that portion of the street, have long since been forfeited by abandonment and non-user. Section 234 of the Highway Law * provides that " * * * every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right of way." By its tenth finding of fact the learned trial court has found that since 1891 "all travel on Pearl Street westerly of the east line of the railroad right of way with teams and vehicles had ceased;" and by its eleventh finding of fact that ever since such cessation there has been a well-defined footpath across the railroad right of way. I am unable to agree with the learned trial court that such use of the crossing by travelers on foot was sufficient to preserve the public rights therein as a public highway. I think the evidence fairly discloses that as far back as 1872 the street across defendant's right of way actually ceased to be a public highway. It has not since about that time been used by teams or vehicles, and it seems to me that such cessation of use of the street in the usual and ordinary manner in which public highways are used, i. e., by teams and vehicles as well as by pedestrians, must be held as conclusive that such portion of the street has not been "traveled or used as a highway" within the meaning of the statute, and has, therefore, ceased to be a highway. (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420.) Since the abandonment of vehicular traffic thereon, pedestrians have to some extent, mainly as a short cut to and from defendant's passenger station, crossed over defendant's tracks at the point of the alleged street crossing but such user was, I think, insufficient to save the street from abandonment or to preserve such character as it may have once possessed as a public highway. If by non-user the street was abandoned then such pedestrian users were trespassers upon defendant's right of way in violation of section 52 of the Railroad Law† prohibiting any person save employees walking upon railroad tracks, or at most were mere licensees, using this crossover as a short cut to the passenger station with defendant's permission. To emphasize the abandonment of the street as a public highway, the learned trial court permits the maintenance of the

---

* See Consol. Laws, chap. 25 (Laws of 1909, chap. 30), § 234, as amd. by Laws of 1915, chap. 322.— [REP.

† See Gen. Laws, chap. 39 (Laws of 1890, chap. 565), § 53, as amd. by Laws of 1892, chap. 676; now Consol. Laws, chap. 49 (Laws of 1910, chap. 481), § 83.— [REP.

fence across it at the easterly line of defendant's right of way, if a gate be provided for the convenience of pedestrians. This impresses me as a confession of the weakness of plaintiff's position. If the street has not been abandoned as a highway why permit defendant to obstruct it with a fence across? I think we should hold that in erecting the fence to which plaintiff objects that defendant acted well within its legal rights and that the judgment appealed from should be reversed and the complaint dismissed. Foote, J., concurred.